IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § v. § § PEDRO GUTIERREZ, III § § *Defendant*. § § § | Crim. Action No.  5:07-CR-125-XR Crim. Action No.  5:07-CR-290-XR |

**ORDER**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]

In this case, the Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine. Docket no. 143. In the plea agreement, the Defendant and the Government agreed to the following:

> Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of fourteen (14) years is the appropriate disposition of this case, and make a joint recommendation that the Court sentence the Defendant to a fourteen (14) year prison term. The parties understand that the recommendation is binding upon the Court should the Court accept the plea agreement. If the Court does not accept this plea agreement, the Defendant shall be permitted to withdraw his plea of guilty.

---

[1] "(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
***
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In addition, the Government recommended that any sentence the Defendant receives in SA-07-CR-290-XR (Felon in Possession of a Firearm) run concurrently with any sentence the Defendant receives in SA-07-CR-125.

The Court accepted the plea agreement and sentenced the Defendant to a term of 14 years in SA-07-CR-125, to run concurrently with the 120 months sentence imposed in SA-07-CR-290.[2]

### Defendant's motion

Defendant first states that the Court has the authority under 18 U.S.C. 3582(c)(2) to reduce his sentence, and then requests that the Court provide him the two-level offense level reduction pursuant to the 2014 Guideline Amendment.

The Government argues that the Court has no authority to award any further reduction to the Defendant's sentence given the Rule 11(c)(1)(C) agreement.

### Analysis

Defendant first incorrectly states that he was sentenced to 148 months imprisonment, and that by reducing the total offense level by two points, his new guideline range would be VI/31 or 188-235 months. He then argues that the two level reduction effectively decreased his sentence range by 47 months, so he then subtracts 47 months from 148 months and requests a sentence of 101 months. Assuming Defendant's arguments are correct, the correct math would result in a proposed sentence of 121 months (168-47).

---

[2] Defendant's criminal history category was VI and the total offense level calculated in the presentence report was 33. The guideline range was 235 to 293 months, rather than the 168 months of Defendant's actual sentence.

The Court agrees with the Government's position that the Supreme Court's decision in *Freeman v. United States*, —U.S. —, 131 S. Ct. 2685, 180 L.Ed.2d 519 (2011), does not provide this Court authority under 18 U.S.C. § 3582(c)(2) to modify the sentence in this case. In *Freeman*, the Supreme Court held that a binding Rule 11(c)(1)(C) agreement containing express language that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines" was clearly a sentence "based on" a Guideline sentencing range. Accordingly, the sentencing court in *Freeman* possessed the authority to modify the sentence.

In this case the plea agreement called for a sentence of a specific number of months, not a specific offense level or range under the guidelines. The plea agreement did not "make clear" that the basis for the 14-year term was a Guidelines sentencing range because the agreement never mentions or describes any such range.[3] Accordingly, this case is similar to *United States v. Price*, No. 15-3125, 2015 WL 5915954, at *3 (10th Cir. Oct. 9, 2015), wherein that court affirmed the district court's dismissal of a defendant's § 3582(c)(2) motion for lack of jurisdiction.[4]

Alternatively, assuming this Court has jurisdiction to modify the sentence, the Court exercises its discretion and declines to do so in light of the section 3353(a) sentencing factors, the nature of the Defendant's offense conduct, and the significant sentence reduction he has already received.

---

[3] *See United States v. Logan*, 710 F.3d 856, 859 (8th Cir. 2013)("The parties' (C) Agreement explicitly adopted the recommended guidelines determinations in the PSR and then expressly agreed on a guidelines sentencing range—151 to 188 months—not on a specific sentence."); *United States v. Garcia*, 606 F.3d 209, 214 (5th Cir. 2010)(detailing the various conflicting court of appeal decisions and describing the current state of law as a "demolition derby." "However, the case law-rife with inter- and intra-circuit disagreement-does teach that wooden rules will not do. The jurisdictional question is whether the sentence was "based on" the subsequently amended crack-offense guidelines, and answering that question requires that we examine the nuances of both the plea agreement and the sentencing transcript in each particular case.").

[4] *See also United States v. Scott*, 711 F.3d 784, 786 (7th Cir. 2013); *United States v. Brown*, 653 F.3d 337, 338 (4th Cir. 2011).

**Conclusion**

Defendant's § 3582(c)(2) motions for reduction of sentence (docket no. 236 in 07-cr-125 and docket no. 32 in 07-cr-290) are denied for lack of jurisdiction. Alternatively, the motion in 07-cr-290 is denied because that offense involved a felon in possession, not a drug offense contemplated by the 2014 guideline amendment. Alternatively, the motions are denied in light of the section 3353(a) sentencing factors, the nature of the Defendant's offense conduct, and the significant sentence reduction he has already received.

It is so ORDERED.

SIGNED this 18th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE